IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHELLE MILLER,

        Plaintiff,

vs.                                                CIVIL NO. 08-673 BB/LFG

THE OFFICE OF SERVICEMEMBERS'
GROUP LIFE INSURANCE, a subsidiary of the
PRUDENTIAL LIFE INSURANCE COMPANY
OF AMERICA, acting as Administrator for the
Department of Veterans' Affairs of the
United States of America, and PATRICK MILLER,

        Defendants.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Defendant Patrick Miller's Motion to Strike Plaintiff's Expert Witness List and Amended Expert Witness List, filed May 11, 2009 [Doc. 34]. On May 28, 2009, Plaintiff Michelle Miller ("Plaintiff") filed a response in opposition. [Doc. 40.] There is no need for a reply. The motion is granted in part and denied in part, as described below.

### Procedural History

The record confirms that Plaintiff was required to disclose her expert witnesses and produce Fed. R. Civ. P. 26 expert reports no later than April 22, 2009. [Doc. 25.] Plaintiff failed to do so and did not request an extension of time within which to comply with the Court's earlier directive.[1]

---

[1] It is undisputed that the dates given to parties at the Rule 16 scheduling conference and the dates contained in the Court's Scheduling Order set Plaintiff's deadline for disclosure of experts and production of Rule 26 expert reports on April 22, 2009. Indeed, the parties themselves proposed an April 30th deadline for Plaintiff's expert disclosure. [Doc. 21, p. 6.] However, the electronic entry describing the Court's Scheduling Order [Doc. 25] erroneously states Plaintiff's expert deadline was May 22, 2009, rather than April 22, 2009, and also erroneously states Defendant's expert deadline is July 23, 2009, rather than May 22, 2009. [*See* text entry portion of Doc. 25.] Notwithstanding this error in the text describing the Order, the body of the Court's Scheduling Order, which

On April 30, 2009, without securing Court approval for a tardy disclosure, Plaintiff served a list of experts and an amended list of experts. [*See* Court Minutes, Doc. 37, p. 2.] Some of the listed experts were treating physicians, some were physicians to whom Plaintiff was referred by her counsel, and some were not treating physicians, but other purported experts who intended to provide opinion testimony at trial. Plaintiff failed to submit expert reports for any of the individuals listed on April 30, 2009. [Doc. 37.]

### Defendant's Motion to Strike

Defendant Patrick Miller's ("Defendant") motion asks the Court to strike the lists of experts submitted by Plaintiff and to preclude Plaintiff from calling any expert witness in this case. Defendant asserts that Plaintiff's failure to comply with the Court's case management plan prejudiced Defendant, as his own expert disclosure date was May 22, 2009, and he was unable to designate experts or provide expert reports because, even at this date, no expert reports have been provided to Defendant.[2] Thus, Defendant does not know what opinions any proposed expert will offer at trial or the basis for the opinions.

Plaintiff acknowledges noncompliance, but lays the blame at the doorstep of the U.S. Army, saying Plaintiff had difficulty in obtaining discovery. Plaintiff also argues that the docketing description of deadlines provided a later deadline, i.e., May 22, 2009, rather than the correct deadline of April 22, 2009, and that this misstatement of deadlines caused confusion. In addition, Plaintiff refers to exceptional circumstances, including counsel's personal loss of his father in early May.

---

controls, provides the correct deadlines of April 22, 2009 and May 22, 2009.

[2]The Court already granted Defendant's request for additional time to disclose experts and expert reports. [Doc. Nos. 38, 39.]

**Analysis**

The mandatory disclosure requirement of Rule 26 are intended to ensure that expert disclosures are provided well in advance of the discovery deadline so that, armed with an opponent's reports, parties can proceed to take the expert's deposition prior to the close of discovery. Being apprised of the opinions that will be offered at the time of trial better assists the parties in evaluating a case for settlement or, in the alternative, if the matter cannot be settled, in preparing to meet the proofs at the time of trial.

In Nguyen v. IBP, Inc., 162 F.R.D. 675, 681 (D. Kan. 1995), the court held that, "[t]he requirements of 26(a) are mandatory as to any expert retained to testify. If the expert is unable or unwilling to make the disclosures, he should be excluded as a possibility for retention as an expert witness in the case." *See also* Vigil v. Burlington Northern & Santa Fe Ry. Co., 521 F. Supp. 2d 1185, 1208 (D.N.M. 2007). Rule 26(a)(2) specifically requires that each party make early disclosures of the identity of any expert witness the party plans to use, along with the expert's detailed report. This report is mandatory, and the rule provides that the report shall contain a complete statement of all opinions to be expressed and the reasons therefor, along with the data or other information considered by the expert in forming the opinions. Also required is a statement of the witness's qualifications, including a publication list, the compensation paid to the expert, and a listing of other cases in the preceding four years in which the witness testified as an expert. Fed. R. Civ. P. 26(a)(2)(A and B).

The Advisory Committee notes to Rule 26(a)(2) support the conclusion, however, that treating physicians are not bound by the written expert report requirement. Fielden v. CSX Transp., Inc., 482 F.3d 866, 869 (6th Cir. 2007) (*citing* Fed. R. Civ. P. 26(a), cmt. 1993 Amendments, subdiv. (a), para. (2)). Nonetheless, parties must disclose the identities of treating physicians. Indeed, to

avoid situations where a party names numerous physicians in his/her initial disclosures without actually identifying who will testify at trial, this Court specifically mandates in its scheduling order that all experts who are to testify at trial be named by the expert disclosure deadline. *See* Doc. 25, p. 2, n.2 ("Parties must formally disclose the identity of all testifying experts, even if the experts are not required to submit a Rule 26 expert report.")

This directive is intended to lessen the financial impact on parties. If a plaintiff names multiple treating physicians, a defendant would be hard-pressed to determine which expert should be deposed. Obviously, if a plaintiff is not going to call a particular individual who may have been named in its initial disclosures, a defendant might choose not to take that physician's deposition.

The Court recognizes that the burdens imposed on parties and their experts to disclose the opinions they will offer and the basis for the opinions are onerous. But, both the Advisory Committee Comments to the Rules of Civil Procedure, as well as court decisions, warn of the consequences of non-compliance. For example, in <u>Aircraft Gear Corp. v. Kaman Aerospace Corp.</u>, 1995 WL 571431 at *1 (N.D. Ill. September 25, 1995), the court stated:

> Anyone who has any familiarity with the 1993 Rule amendment [to requiring production of expert reports], including familiarity with the Notes of the Advisory Committee on Rules, is well aware that its requirements were geared to provide the opposing party with "a reasonable opportunity to prepare for effective cross examination." (Committee Notes), and in accordance with the Rules' fundamental principle of eliminating any vestiges of the "sporting" or "fox-hunt" theory of litigation, to provide the opposing party with a comparable opportunity to prepare for examination of the experts via depositions in advance of trial.

The Court also acknowledges that Plaintiff's counsel recently experienced the loss of a loved one during the course of this litigation. Plaintiff did not request permission to submit a tardy expert witness list or to extend the time for producing expert reports. Notwithstanding those failures, the

Court will overlook that delay, in part, given the personal circumstances that affected Plaintiff's counsel.

The Court will, therefore, excuse the late disclosure and allow some of the witnesses on Plaintiff's April 30, 2009 list to testify. The witnesses who are permitted to testify are treating physicians who are not required to submit a Rule 26 expert report pursuant to D.N.M.LR-Civ. 26.3(b); Fed. R. Civ. P. 26(a)(2)(B).

However, to the extent that Plaintiff's counsel referred Plaintiff to a particular physician, even if that physician subsequently provided treatment, that physician would have needed to submit a Rule 26 report.[3] The Court is apprised that one or two of Plaintiff's expert healthcare providers may fall within that category. As those experts did not provide a Rule 26 report, they will be stricken as witnesses.

The Court rejects Plaintiff's assertion that Defendant is not prejudiced by the proposed late disclosures or reports. In this case, even at the present date, it is unclear which expert(s) will actually be called by Plaintiff, as she has not complied with this disclosure obligation. In other words, Plaintiff acknowledges that Rule 26 expert reports were not provided and that she does not know the names of her proposed experts. She states simply that she "intends to produce all required reports pursuant to Rule 26 as soon as possible." [Doc. 40, p. 3.]

At this stage of the proceeding, Plaintiff's stated intention to produce the required reports on a date uncertain is insufficient. Defendant is significantly prejudiced because he has had no opportunity to learn what opinions will be offered nor the basis for the opinions. Indeed, as of the end of May, 2009, Defendant does not know for sure who will testify, as Plaintiff has not yet

---

[3]The Court specifically notified parties of this requirement at the Rule 16 scheduling conference.

identified the names of all of the experts.

In addition discovery closes in approximately 22 days. Due to the lack of Plaintiff's reports, Defendant did not and could not designate counter experts. It would be unfair to require Defendant to proceed to trial without the ability to challenge proposed testimony from yet unknown witnesses who intend to offer unknown opinions.

In Plaintiff's response, she states that she is preparing a motion to continue the trial setting based on the exceptional circumstances in this case, primarily counsel's loss of a loved one near the deadline for her expert disclosures. Plaintiff further avers that she believes it will be necessary to have expert testimony at trial. Finally, she asks that "this Court" reschedule the due dates to allow her additional time to develop her case.

This case has been given a firm trial setting, and a Magistrate Judge is without authority to modify the trial judge's calendar. Should the trial judge grant Plaintiff's proposed motion to continue the trial setting, this Court will then consider extending the pretrial deadlines, including expert disclosure deadlines.

At the present time, the Court is left with no option other than to grant Defendant's motion to strike all other testifying experts who failed to submit a Rule 26 report by April 22, 2009. Thus, to the extent Plaintiff seeks to introduce any other opinion testimony from non-treating physicians, those proposed witnesses are stricken.

At the Rule 16 status conference, there was also discussion about whether Plaintiff could use fact witnesses to offer opinion testimony. Judge Black, the trial judge assigned to this case, has previously written on this issue.

> Fed. R. Civ. P. 26(a)(2) requires parties to timely disclose the identity of any expert witnesses. The distinction between testimony from expert and lay witnesses is crucial because expert testimony may be

> based on inadmissible evidence, Fed. R. Evid. 703, and is subject to reliability analysis under Daubert v. Merrell Dow Pharms, Inc., 509 U.S. 579, 587-88 (1993).  In contrast, lay witnesses may only offer opinions based on their own perceptions and may not offer opinions based on scientific, technical or other specialized knowledge.  Fed. R. Evid. 701.  This latter restriction was added by a 2000 amendment in order to prevent parties from smuggling expert testimony under Rule 701 (lay witnesses), thus, evading the reliability analysis of Daubert and the disclosure requirements of Rule 26(a)(2).  4 Jack B. Weinstein and Margaret A. Berger, Weinstein's Federal Evidence, § 701.03[4][b] (Joseph M. McLaughlin ed., Matthew Bender, 2d ed. (2005).  As a result, this amendment compels courts to categorize more testimony from treating physicians as subject to expert disclosure requirements and some courts have barred testimony from physicians about their diagnosis and treatment, finding that such opinions are necessarily based on expert knowledge.  Dorthea Beane and Theodore E. Karatinos Catching the Chameleon: When is the Treating Physician an Expert?, in 51-May Fed. Law, 26-27 (2004).  Under Tenth Circuit Law, treating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.  Davoll v. Webb, 194 F.3d 1116, 1138-39 (10th Cir. 1999); and see Parker v. Central Kansas Med. Center, 57 F. App'x 401 (10th Cir. 2003)(unpublished opinion) (upholding exclusion of causation evidence from treating physician not properly disclose); *see also* Tzoumis v. Temple Steel Co., 168 F. Supp. 2d 871-876 (N.D. Ill. 2001).

Witherspoon v. Navajo Refining Company, L.P., CIV 03-1160 BB/LAM [Doc. 121, pp. 2-3] (D.N.M.  June 28, 2005.)

Judge Black's insightful opinion clearly explains the difference between lay and expert testimony and sets guidelines for proposed testimony.  Thus, parties should find guidance in Judge Black's earlier decisions.  Determinations on the admissibility of evidence, of course, are matters directed to the trial judge.

## **Conclusion**

The Court grants Defendant's motion to strike all non-treating physicians as experts due to Plaintiff's failure to provide Rule 26 reports; the Court also strikes as experts those physicians or

care providers who were not self-selected by Plaintiff, but who saw and treated Plaintiff at counsel's direction; and the Court denies the motion to strike treating physicians as experts, if they were disclosed by April 30, 2009.

     IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge