IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHELLE MILLER,

        Plaintiff,

  vs.                                            No. CIV 08-673 BB/LFG

PATRICK MILLER,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
DISCOVERY OR IN THE ALTERNATIVE, FOR AN ORDER
AUTHORIZING THE U.S. ARMY TO RELEASE INFORMATION**

THIS MATTER is before the Court on Michelle Miller's Motion to Compel Discovery from Defendant or in the Alternative, For an Order Authorizing the U.S. Army to Release Information [Doc. 58]. No response is necessary. For the reasons stated herein, Plaintiff's motion is denied.

**Background**

Miller contends that she served a subpoena on the United States Army requiring the production of the Army recruiting investigative report. (Motion, p. 2). While the Army produced certain records, it advised that it had other records including Corey Miller's enlistment records which would not be released until a waiver of privacy form was completed. The Army's communication with Plaintiff states:

> Attached please find a partial copy of the Report of Investigation you requested. As I previously indicated the Army is withholding the documents relating to Corey Miller which are protected by the Privacy Act. At such time as you provide a court order or a Privacy Act waiver signed by Corey Miller's mother *and* father, I will provide Corey Miller's Official Military Personnel File (OMPF) which contains his enlistment records, medical documentation, and security application.

The Army further noted:

> There is [sic] various case law out of the Supreme Court, some of which originated in the 10th Circuit, which indicates that Privacy rights continue with the next of kin after death of the individual.

> Under normal circumstances the waiver signed by one of the parents may be sufficient. However, since the parents in this case are fighting over death benefits, which the son notably left to the father not the mother, the Army will not release these documents absent waivers signed by both parents or an order signed by the court. The Army's interest is in protecting the privacy rights of the next of kin. The Army is not going to insert itself into this litigation by taking a position on which parent holds the right to waive the privacy rights.

(Plaintiff's Exs. 4 and 5 to Motion).

Plaintiff now contends that the United States Army should be ordered to produce its file, or that Patrick Miller be required to sign the Privacy waiver.

### Analysis

It is not the Defendant, Patrick Miller, who declined to produce Corey Miller's records. Rather, that determination was made by the U.S. Army. Thus, the Army objected, in part, to complying with the subpoena. When a party who has received a subpoena declines to comply, the procedure for enforcement is set out in the Civil Rules.

Rule 45(c)(2)(B) provides that a party on whom a subpoena is served may serve written objections on the requesting party to inspection of any or all the materials requested. "If an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection."

The "commanded person" in this case is the Office of the Inspector General of the U.S. Army. It objected to Plaintiff's subpoena request, stating that the Army "will not release these documents absent waivers signed by both parents or an order signed by the court." (Doc. 58, Ex. 5).

Plaintiff did not follow the Rule 45 procedure in this case after the Army objected. Instead, Plaintiff filed a motion asking the Court for an order "recognizing the mother's waiver form as adequate in this situation." In the alternative, she requests that the Court order the Defendant, Mr. Miller, to comply with the request that he execute a Privacy Act waiver form. This motion fails to provide for "notice on the commanded person," as the rule requires. Once the commanded person files objections, as was done in this case, the commanded person has no further obligation to comply

with a subpoena unless the Court grants a proper motion to compel directed to that person.

The circumstance before the Court is not unusual. In a similar situation, where a requesting party failed to file a motion to compel under Rule 45 after objections were served by a non-party, instead relying on arguments for production of documents made in a reply brief to a motion between the parties, this Court held:

> This was improper. It denied Van Orren and Goodman [the commanded persons, who were non-parties] an opportunity to respond. Accordingly, the Court finds that Ffhoenix's motion to compel is not well-taken and will be denied . . . .

Sandia Vista, LLC v. Teresa I LLC, et al., Civ. 05-1154 WJ/LFG (D.N.M. Jun. 28, 2006).

In this case, it is not Mr. Miller who received the subpoena or who has care, custody and control over the documents. He is not the "commanded person" as contemplated under Rule 45.

In the Sandia Vista case, as cited above, the Court granted a party additional time within which to properly a file a motion directed against the commanded person. In this case, however, such an act would be futile as the close of discovery was June 22, 2009 and the deadline for filing discovery motions was July 13, 2009. Both deadlines have elapsed and parties may no longer engage in formal discovery. Accordingly, the Court finds that Plaintiff's motion should be denied as it is not the proper way to enforce a subpoena under Rule 45.

                                    *Lorenzo F. Garcia*
                                    Lorenzo F. Garcia
                                    Chief United States Magistrate Judge