IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHELLE MILLER,

                 Plaintiff,

   vs.                                           CIVIL NO.  08-673 BB/LFG

PATRICK MILLER,

                 Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTIONS TO MODIFY/EXTEND DISCOVERY**

Plaintiff Michelle Miller ("Miller") filed two motions on July 13, 2009:  Motion to Modify Pretrial Schedule and Allow Depositions of Recently Discovered Witnesses [Doc. 59]; and Motion to Extend Discovery Schedule to Obtain Deposition of U.S. Army Officer [Doc. 60].  Both are opposed.  The Court considered the motions, responses and replies.  Oral argument is not necessary.

The Court earlier denied Miller's motion to compel discovery relating to the same subject matter, that is, a subpoena directed to the United States Army to provide certain information [Doc. 69].  In the Court's Order denying her motion to compel, the Court noted that Miller failed to comply with the requirements of Fed. R. Civ. P. 45 concerning enforcement of a subpoena.  When Miller received an objection from the U.S. Army on a subpoena she served, Miller failed to comply with the requirements of the Rule.  Instead, she submitted a motion asking the Court for an order "recognizing the mother's waiver form as adequate in the situation," or, alternatively, requesting that the Court order Defendant Patrick Miller to execute a Privacy Act waiver.

The Court concluded that Miller's motion failed to provide "notice on the commanded person" as required by Rule 45, and, in the absence of an appropriate motion, the U.S. Army had no obligation to comply with a subpoena once it objected.

The Court further noted that granting additional time to file an appropriate motion under Rule 45 was futile, as the close of discovery was on June 22, 2009, and the deadline for filing discovery motions was July 13, 2009. Both deadlines had elapsed, and formal discovery was closed. The Court found that Miller's motion should be denied, as it was an improper attempt to enforce a subpoena under Rule 45.

Similarly, the Court denied Miller's Motion for Additional Time to Obtain Affidavits and Take Depositions Pursuant to Rule 56(f) [Doc. 77]. The basis of the Court's denial was that the motion was untimely. The Court's case management plan closed discovery on June 22, 2009, and all discovery motions were to be filed no later than July 13, 2009 [Doc. 25]. Miller's motion was untimely, as it was filed on August 11, 2009, and prior to filing her motion, she neither sought nor obtained leave of the Court to file an out-of-time motion.

The Court noted that a case management plan was in place as required by the district's Civil Justice Expense and Delay Reduction Plan, promulgated under the Civil Justice Reform Act, 28 U.S.C. §§ 471 *et seq.* Further, allowing out-of-time motions thwarts the Court's ability to manage its docket, needlessly delays the ultimate disposition of litigation, and adds to the costs of litigation.

Noting that the Court possesses power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases, the Court concluded that extending deadlines was inappropriate. Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp., 296 F.3d 982, 985 (10th Cir. 2002). This conclusion was based on Miller's untimely motion filed one month after the deadline for discovery motions.

With respect to the present two motions, the Court notes they were filed after the close of discovery, but on the deadline for filing discovery motions–July 13, 2009. Thus, these discovery motions are timely filed.

Miller seeks to take depositions of Army personnel who participated in Corey Miller's enlistment process. She contends that the identity of these military personnel was previously unknown, and that depositions were not taken due to "government bureaucracy." She argues that "The Plaintiff has been obstructed by the Army bureaucracy . . . ." (Doc. 79, Reply, p. 2).

The Court disagrees. As was made clear to Miller in the Department of the Army's June 18, 2009 e-mail to counsel (Doc. 67, Ex. A), the Army objected to production of witness testimony and information because Miller failed to comply with mandatory requirements under the Code of Federal Regulations.

> Under 32 C.F.R. 97.6(c), and Part 516, Subpart G, the Army must authorize the production of official documents or testimony in private litigation. In this case, the Army cannot authorize production of witness testimony because you have failed to comply with regulations of the Department of the Army governing disclosure of official information. *See* 32 C.F.R. §§ 516.40 *et seq.* In particular, you have failed to "submit . . . a specific written request setting forth the . . . relevance of the official information sought." *See* 32 C.F.R. § 516.41(d). Under 32 C.F.R. 516.41(d), a proper request for documents or witness testimony must include the nature of the proceeding and the nature and relevance of the information sought. It is important for this request to be as specific as possible. *See, e.g.* United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951); Boron Oil Co. v. Downie, 873 F.2d 67 (4th Cir. 1989); United States v. Bizzard, 674 F.2d 1382 (11th Cir. 1982); United States v. Marino, 658 F.2d 1120 (6th Cir. 1981); United States v. Allen, 554 F.2d 398 (10th Cir. 1977). Absent a proper request, and approval of that request by the designated Army official, no official information may be released. 32 C.F.R. 516.41(d).

To assist Miller to make an appropriate request, the Army referred Miller to Army regulation 27-40 at Internet website www.army.mil/usapa/index.html. The Army also noted:

> The Army regulation also contains a copy of the Department of Defense directive 5405.2, Release of Official Information in Litigation and Testimony by dod Personnel as Witnesses. You may also review the Code of Federal Regulation on the Internet at www.gpoaccess.gov. The Army's Touhy regulations are contained at 32 C.F.R. §§ 97.6 and 516.41 *et seq.*

While the Court does not doubt that obtaining records from the Department of Defense requires parties to jump through various hoops, it is clear that the U. S. Army's refusal to comply was not because it was being obstructionist, but because Miller failed to do what the law and federal regulations require.

Defendant opposes Michelle Miller's request on a variety of reasons. He argues that she has not shown good cause, and that no discovery was taken in this case for the first several months of the case management plan. Indeed, Defendant argues that the first formal discovery was not served until just about one month prior to the close of discovery. He also notes that a pretrial conference is set in November, approximately 96 days away, and trial in this case is set for December 7, 2009. He also argues that the information sought is not relevant on the core issues before the Court.

On the issue of relevancy, the Court notes that the test at the discovery phase is different from the test at the trial phase. The fact that information sought to be discovered is inadmissible at trial doesn't bar the discovery as long as it is reasonably related to the claims and defenses under Rule 26.

Miller contends that her son's enlistment was fraudulent, and alleges that the proposed deponents have information relevant to her claim of fraud. That claim, however, seems significantly distinct from the issue of whether Defendant coerced his son, or otherwise compelled him to exclude his mother as a proposed insurance beneficiary. Be that as it may, the two deponents may indeed have information that is relevant to circumstances relating to Corey Miller's enlistment. Thus, the Court rejects Defendant's objection on relevancy. Rule 26.

The other objections are far more significant. There is precious little time remaining for any additional discovery, and the Court declined to allow Miller, at this late stage, to commence gathering affidavits or other documents which may be needed for her response to the motion for

summary judgment, finding that the request was untimely and not in accord with the requirements

of <u>Ben Ezra, Weinstein & Co. v. American Online, Inc.</u>, 206 F.3d 980, 987 (10th Cir. 2000).

However, the Court does not wish to preclude Miller from being able to offer testimony at

the time of trial.  Whether the testimony is or is not admissible is left to the discretion of the trial

judge.  Accordingly, the Court will grant Miller's requests in part and deny them in part.  The Court

will authorize Miller to take two depositions during the next forty-five days.  Thus, the deadline for

taking these two depositions is October 8, 2009.

This extension does not modify any other case management deadline, nor does it serve to

extend the time for filing responses to pending motions.  So, too, the authorization to proceed with

two additional depositions is still dependent on Miller fully complying with U.S. Army regulations

concerning witness testimony, and ensuring that a subpoena is issued by a proper court.[1]

In sum, the Court extends the time for taking two additional depositions.  It is still up to

Miller to ensure compliance with all federal regulations to properly subpoena a soldier or former

soldier and to properly issue a subpoena from the appropriate court.  The Court also notes that

pursuant to the district's local rule, no less than fourteen-days' notice must be given to the proposed

deponent.  D.N.M.LR-Civ. 30.1.

No other discovery is permitted; no other case management deadlines are implicated.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[1]The U. S. Army also challenged a prior District of New Mexico subpoena, as it sought to compel the attendance of two out-of-district soldiers to appear in the Eastern District of Virginia.  The Army noted that a subpoena had to be issued by a proper court, likely the United States District Court for the District of Virginia.