IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MICHELLE MILLER**,

    Plaintiff,

    v.                                                              No. CIV 08-673 BB/LFG

**PATRICK MILLER**

    Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Patrick Miller's Motion for Summary Judgment (Doc. 63). For the reasons set forth below, Defendant's motion is granted.

## Standard of Review

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). When applying this standard, a court must "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Serv.*, 165 F.3d 1321, 1326 (10th Cir. 1999). A mere scintilla of evidence supporting the nonmoving party's theory does not create a genuine issue of material fact. *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999). Instead, the nonmoving party must present facts such that a reasonable jury could find in its favor. *Id.*

The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See Trainor v. Apollo Metal Specialties, Inc.,* 318 F.3d 976, 979 (10th Cir. 2002); *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 671 (10th Cir. 1998). If this burden is met, the nonmovant cannot rest on the pleadings, but

1

must set forth specific facts by reference to affidavits, deposition transcripts., or other exhibits to support the claim. *See Serna v. Colo. Dep't of Corr.,* 455 F.3d 1146, 1151 (10th Cir. 2006) (citing *Behrens v. Pelletier,* 516 U.S. 299, 309 (1996)). The nonmovant's burden is more than a simple showing of "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Evidence relied upon in opposition to summary judgment "may be insufficient to create a triable fact if it is non-specific or otherwise non-responsive, vague, conclusory, or self-serving." *Piercy v. Maketa,* 480 F.3d 1192, 1197-98 (10th Cir. 2007). The nonmovant's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004).

## Factual and Procedural Background

This suit, brought by the mother of a deceased servicemember, seeks a declaratory judgment that the decedent's designation of his father, Defendant Patrick Miller, as the beneficiary of his Office of Servicemembers' Group Life Insurance ("OSGLI") plan is invalid. Plaintiff, Michelle Miller, also seeks damages under the doctrine of tortious interference with an expectancy, alleging that Defendant exercised undue influence over the decedent, Corey Miller ("Decedent"), while the life-insurance designation was being made.

At the age of 17, Decedent enlisted in the U.S. Army with the help of Defendant, with whom he was living at the time. As part of his enlistment, Decedent elected to receive a $400,000 life-insurance policy through OSGLI. In completing the attendant paperwork prior to his 18th birthday, Decedent designated Defendant as his primary beneficiary. He did not designate Plaintiff as a beneficiary.

Following his enlistment, Decedent sustained serious injuries from a car accident while visiting his mother in Gallup, New Mexico. During the accident, Decedent suffered severe trauma, including multiple fractures and significant head injuries. He was hospitalized for several

weeks. Immediately following his release from HealthSouth Rehabilitation Hospital in Albuquerque, Decedent was interviewed by Army personnel and, then having reached 18, signed a second beneficiary designation for his OSGLI policy. Decedent's second designation mirrored his first, naming Defendant as the primary beneficiary and omitting Plaintiff.

In early May 2008, Decedent was ordered to report to the Army base at Ft. Lewis, Washington. Shortly after he reported, Decedent was hospitalized due to the continuing effects of the car accident. On May 23, 2008, Decedent died as a result of his injuries.

In July 2008, Plaintiff filed suit against Defendant and OSGLI in this Court. In response, OSGLI moved to interplead the disputed funds into the Court's registry and to be dismissed with prejudice. Its motion was unopposed (Doc. 17) and has been granted (Doc. 20). With regard to the lone remaining defendant, Plaintiff alleges (1) that Defendant and Decedent provided the Army with false information—including, allegedly, misleading the Army about Decedent's custodial parent—so that Decedent could enlist, (2) that Defendant exercised undue influence over Decedent while the initial OSGLI designation was being made, and (3) that Defendant tortiously interfered with Plaintiff's expectancy.

### Subject-Matter Jurisdiction

Before it reaches the merits of any case, this Court must determine whether it has subject-matter jurisdiction. Plaintiff's Complaint alleges that subject-matter jurisdiction exists under both 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Plaintiff is clearly wrong with regard to the existence of § 1332 jurisdiction, as the fact that both Plaintiff and Defendant are New Mexico residents destroys complete diversity. *See* § 1332(a)(1); *see generally Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (setting forth complete-diversity rule).

If jurisdiction exists, it must be predicated on the existence of a federal question. Under the Tenth Circuit's holding in *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245-47 (10th Cir. 2001), § 1331 jurisdiction arises in cases where a plaintiff sues OSGLI to

recover benefits under a OSGLI policy.  Recognizing that such suits turn on substantial questions of federal law and that the federal SGLI statute gives rise to an implied cause of action against the OSGLI, the *Rice* court found sufficient federal-question jurisdiction.  *Id.*  The *Rice* rationale rests, in part, on a choice-of-law analysis in which the Seventh Circuit found that federal common law should govern issues of undue influence and mental capacity because the federal government has an overriding interest in the uniform application of its OSGLI-related policies.  *Id.* at 1245-46.

Under *Rice's* choice-of-law analysis—which is equally applicable here[1]—Plaintiff's causes of action, undue influence and tortious interference with an expectancy, will be governed by federal common law.  The Supreme Court has repeatedly held that § 1331 jurisdiction exists when a cause of action arises out of federal common law. *See Nat'l Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 850 (1985) (collecting cases).

Having found that it has jurisdiction, the Court may turn to the merits of Defendant's motion.

## Analysis

**Decedent's Designation**

Under federal law, Decedent had the right to designate the person to whom his OSGLI benefits are be paid.  "[The OSGLI statutory scheme] establishes a specified order of precedence for policy beneficiaries.  By this statutory provision, the proceeds of a policy are paid first to such beneficiary or beneficiaries as the member . . . may have designated by [an appropriately filed] writing received prior to death." *Ridgway v. Ridgway*, 454 U.S. 46, 52 (1981) (citations and internal punctuation omitted).  In exercising his "absolute right to designate the [OSGLI] policy beneficiary," *id.* at 55, Decedent twice chose to designate Defendant.  Plaintiff alleges that the first of these designations, which took place while Decedent was still a minor, was invalid

---

1 This Court finds that the federal interest relied on by both the Seventh and Tenth Circuits has not been diminished significantly by the unopposed dismissal of OSGLI.

because Defendant exerted undue influence while Decedent was making his designation. Plaintiff argues that the second designation, made after Decedent's car accident and while Decedent was in close contact with Plaintiff, is invalid because Decedent lacked the requisite mental capacity.

Because both Decedent's first and second designations named Defendant as the primary beneficiary—and failed to mention Plaintiff—a finding that either designation is valid would be dispositive. The Court begins with the first designation and the accompanying allegation of undue influence.

### Undue Influence

Plaintiff contends that Decedent's first designation is invalidated by Defendant's undue influence.[2] In order to sustain her claim, Plaintiff must provide evidence upon which a reasonable person could conclude that Defendant had, in fact, exerted undue influence over Decedent at the time the designation was made. *Rice*, 260 F.3d at 1250. A mere showing that Defendant possessed the motive or opportunity to exert such influence is insufficient. *Id.*

Federal law defines undue influence as "influence that is sufficient to overpower volition, destroy free agency, and impel the grantor to act against the grantor's inclination and free will." *Id*. Federal courts, including the Tenth Circuit, have used several factors in determining whether

---

2  Plaintiff's response (Doc. 75) also appears to argue that Decedent's first designation is invalid because Decedent was only 17 when he made it. Plaintiff's unsubstantiated assertion is contrary to well-established law. *See, e.g., Prudential Ins. Co. v. King*, 453 F.2d 925, 931 (8th Cir. 1971); *Johnson v. Prudential Ins. Co. of America*, 182 Neb. 673, 676 (1968) ("The fact that the insured was a minor when the designation of [OSGLI] beneficiary was made does not deprive him of the right to do that which the controlling federal statute authorized him to do."); *Davenport v. Servicemen's Group Life Ins. Co.,* 168 S.E.2d 621, 624 (Ga.App. 1969); *see generally United States v. Williams*, 302 U.S. 46, 50-51 (1937) ("War risk insurance was made available to those in active military service for the greater protection of themselves and their dependents. By the insurance contract, of which applicable provisions of statutes and regulations constitute a part, the insured minor was authorized to allot a part of his pay for the payment of premiums, to change beneficiaries without their consent and to cancel the insurance in whole or in part.").

undue influence has been exerted with regard to an OSGLI designation. These factors require the Court to consider, *inter alia*, the physical and mental condition of the benefactor, whether the benefactor was given any disinterested advice with respect to the disputed transaction, the "unnaturalness" of the gift in light of the benefactor-beneficiary relationship, the benefactor's role in procuring the benefit and, more broadly, in the beneficiary's financial affairs, and whether the beneficiary's behavior was threatening or coercive. *See id.; see also Tinsley v. Gen. Motors Corp.,* 227 F.3d 700, 705 (6th Cir. 2000).

Applying these factors, it is clear that Plaintiff lacks sufficient evidence to support her claim. For example, the record lacks any indication that Decedent was in a materially diminished physical or mental state at the time that he initially designated Defendant. Nor is there any evidence that the Army representative's signed statement the Decedent was provided with disinterested counseling regarding his designation is fraudulent. Moreover, Plaintiff has failed to provide evidence that Decedent's designation was sufficiently unnatural as to warrant skepticism[3] or, most importantly, to show that Defendant ever even spoke to Decedent regarding the designation. Plaintiff's unsupported allegations and unsubstantiated affidavit testimony are simply not enough to sustain her case. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003) ("Conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment."). Because there is no evidence that, *inter alia*, Defendant played a significant role in Decedent's choice of beneficiary, there is no basis on which a reasonable factfinder could find that Defendant exerted undue influence with regard to Decedent's first designation.

---

[3] Nor, it should be noted, would mere skepticism be enough to rescue Plaintiff's claim from summary judgment.

**Lack of Capacity**

Plaintiff turns next to Decedent's second designation and contends that it was invalid because, following his car accident, Decedent lacked the requisite mental capacity to make it. In light of the validity of Decedent's first designation, Plaintiff's argument on this point is moot. Even were the Court to find Decedent's second designation invalid, the OSGLI benefits would still be distributed to Defendant, per Decedent's initial designation.

**Tortious Interference**

Finally, Plaintiff alleges that Defendant tortiously interfered with her expectancy. Specifically, Plaintiff alleges "[t]ortious [i]nterference with [e]xpectancy, based on the application of undue influence by the Defendant Patrick Miller on his son at the time Corey Miller enlisted in the U.S. Army . . . ." (Doc. 1). To recover for tortious interference with an expectancy, Plaintiff must prove: (1) the existence of an expectancy; (2) a reasonable certainty that the expectancy would have been realized, but for the interference; (3) intentional interference with that expectancy; (4) tortious conduct, such as undue influence, involved with the interference; and (5) damages. *Doughty v. Morris*, 871 P.2d 380, 384 (N.M.App. 1994). As shown above, there is simply no basis on which a reasonable factfinder could conclude that Defendant exerted undue influence over the Decedent at the time that the pertinent designation was made. Because undue influence is the only tortious conduct that Plaintiff alleges with regard to the purported interference, her claim is deficient.[4] Even if she had been able to overcome this deficiency, Plaintiff's claim would nonetheless fail because she has not provided evidence on which a factfinder could conclude—to a reasonable degree of certainty—that she would have been the

---

[4] Though Plaintiff alleges fraudulent activity with regard to the Decedent's enlistment, there is simply no evidence that Decedent's designation was affected by such activity. More importantly—and contrary to Plaintiff's assertion—there is absolutely no evidence that, had he so desired, Decedent would have been reluctant to designate Plaintiff as a beneficiary because of the circumstances under which he enlisted. Plaintiff cannot sustain her claim on mere conjecture and assumption alone. *See Harvey,* 338 F.3d at 1136.

beneficiary of Decedent's OSGLI policy but for Defendant's actions.  The fact that Plaintiff is the Decedent's mother and may have been his primary caregiver is simply not enough.  *See generally Beren v. Ropfogel,* 24 F.3d 1226, 1230 (10th Cir. 1994) (interpreting Restatement (Second) of Torts § 870 on which New Mexico law is based and recognizing that specific evidence of would-be gift or promise is necessary to show requisite certainty where only other indication of possible gift is familial relation).

## Conclusion

Because Decedent's first beneficiary designation was without defect, it must be honored. Regardless of the outcome of Plaintiff's lack-of-capacity argument with regard to the second beneficiary designation, Decedent's OSGLI benefits must be paid to Defendant.  Finally, in spite of extensive discovery, Plaintiff has been unable to adduce evidence to sustain her claim for tortious interference.  Defendant's motion for summary judgment is granted and Plaintiff's claims are dismissed with prejudice.

BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE